IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BERNARD L. WESTBROOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV540 |
| | ) | |
| NORTH CAROLINA A&T STATE | ) | |
| UNIVERSITY, LINDA MCABEE, and | ) | |
| CINDY POOLE, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a Recommendation of the United States Magistrate Judge recommending that the Motion to Dismiss [Doc. #10] filed in this case be denied. The Recommendation was filed on April 17, 2013, and notice was served on the parties pursuant to 28 U.S.C. § 636(b). On May 5, 2013, Defendants filed timely Objections to the Recommendation. The Court has now reviewed *de novo* the Objections and the portions of the Recommendation to which objection was made. For the reasons stated below, the Court finds that the Objections do, in part, change the substance of the United States Magistrate Judge's ruling. As such, the Court will adopt in part and reject in part the Recommendation [Doc. #14].

Plaintiff filed a Complaint in this action alleging religious discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Defendants North Carolina A&T State University ("Defendant North Carolina A&T"), Linda McAbee ("Defendant McAbee"), and Cindy Poole ("Defendant Poole") (collectively, "Defendants") filed a single Motion to Dismiss [Doc. #10] Plaintiff's Complaint. In that Motion, Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's Title VII claim

because Plaintiff failed to allege that he received a right-to-sue letter prior to filing his Complaint. Therefore, Defendants move to dismiss Plaintiff's Title VII claim, as against all Defendants, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. In addition, Defendants contend that to the extent that Plaintiff has alleged a claim against Defendants McAbee and Poole ("the individual Defendants") pursuant to 42 U.S.C. § 1983, such a claim is time-barred and should be dismissed pursuant to Rule 12(b)(6).

With regard to Defendants' subject matter jurisdiction argument, the Recommendation finds that Plaintiff received a right-to-sue letter and attached the same to his Response to Defendants' Motion to Dismiss, thereby complying with the jurisdictional prerequisites of 42 U.S.C. § 2000e-5. As such, the Recommendation recommends that "the motion to dismiss for lack of subject matter jurisdiction should be denied." (Recommendation [Doc. #14], at 14). In addition, the Recommendation finds that Plaintiff has alleged only a Title VII claim, and not a § 1983 claim. Therefore, the Recommendation finds that Defendants' arguments regarding the statute of limitations for a § 1983 claim are without merit. Based on these findings, the Recommendation recommends that this Court deny the Motion to Dismiss [Doc. #10] filed in this case. In doing so, the Recommendation does not distinguish between Plaintiff's Title VII claim asserted against Defendant North Carolina A&T and Plaintiff's Title VII claim asserted against the individual Defendants. As such, it appears that the Recommendation recommends that the single Motion to Dismiss filed in this case be denied and that Plaintiff's Title VII claim be allowed to proceed as against all Defendants.

In their timely-filed Objections, Defendants do not object to the Recommendation to the extent that it recommends that this Court deny Defendants' Motion to Dismiss with regard to

2

Plaintiff's Title VII claim asserted against Defendant North Carolina A&T. Defendants do object, however, to the extent that the Recommendation recommends that the Court deny Defendants' Motion to Dismiss with regard to Plaintiff's Title VII claim asserted against the individual Defendants. In so objecting, Defendants contend that Title VII does not recognize claims against individuals in their individual capacities and, therefore, Plaintiff's Title VII claim against the individual Defendants should be dismissed for failure to state a claim upon which relief can be granted. Defendants' contention in this regard is raised for the first time in their Objections to the Recommendation. Defendants did not previously raise any argument regarding whether Plaintiff could bring a Title VII claim against the individual Defendants in their Motion to Dismiss or supporting Brief. Rather, Defendants only addressed the subject matter jurisdiction question regarding Plaintiff's right-to-sue letter, and the statute of limitations question regarding a potential § 1983 claim against the individual Defendants. However, "as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) ("By definition, *de novo* review entails consideration of an issue as if it has not been decided previously. It follows, therefore, that the party entitled to *de novo* review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate."). Therefore, the Court will consider Defendants' objection below.

Before addressing the specific issue raised in Defendants' Objections, however, the Court finds it necessary to independently evaluate the existence of subject matter jurisdiction with regard to Plaintiff's Title VII claim asserted against the individual Defendants. Brickwood

3

Case 1:12-cv-00540-JAB-JLW   Document 18   Filed 07/16/13   Page 3 of 6

Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."). In doing so, the Court first notes that the Recommendation addresses Defendants' argument that the Court lacks subject matter jurisdiction over Plaintiff's Title VII claim due to Plaintiff's failure to allege receipt of a right-to-sue letter. As noted above, the Recommendation finds that the Court does not lack subject matter jurisdiction based on a failure to allege receipt of a right-to-sue letter because Plaintiff received a right-to-sue letter and attached the same to his Response to Defendants' Motion to Dismiss, thereby complying with the jurisdictional prerequisites of 42 U.S.C. § 2000e-5. The Court concurs with the Recommendation in this regard, and adopts the reasoning and conclusion stated therein.

However, a separate question of subject matter jurisdiction exists with regard to whether Plaintiff properly exhausted his administrative remedies with respect to the individual Defendants by naming them as respondents in the EEOC charge. In that regard, the Court notes that Title VII requires exhaustion of administrative remedies prior to filing a Complaint. Jones v. Calert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) ("Before a plainitff may file suit under Title VII or the ADEA, he is required to file a charge of discrimination with the EEOC."). Furthermore, "[t]he EEOC charge defines the scope of the plaintiff's right to institute a civil suit." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). As such, a plaintiff may only file a Complaint against those defendants listed as respondents in the EEOC charge of discrimination. See Monroe v. Bellsouth Telecomm., Inc., No. 1:02CV591, 2003 WL 22037720, at *3 (M.D.N.C. 2003) (citing Causey v. Balong, 162 F.3d 795, 800 (4th Cir. 1994)). In the present case, Plaintiff

4

listed Defendant North Carolina A&T as a respondent in his EEOC charge of discrimination but did not list any of the individual Defendants as respondents or otherwise address the individual Defendants anywhere in the EEOC charge. Moreover, the right-to-sue letter issued to Plaintiff advises Plaintiff of his right to sue "the above-named respondent," that being only Defendant North Carolina A&T. The Court is not aware of any additional EEOC charge or right-to-sue letter in this case. Therefore, because it appears that Plaintiff has failed to exhaust his administrative remedies with respect to the individual Defendants, the Court lacks subject matter jurisdiction over the Title VII claim asserted against the individual Defendants in this case.

Even assuming, *arguendo*, that Plaintiff did exhaust his administrative remedies with respect to the individual Defendants, Defendants correctly note in their Objections that Plaintiff's Title VII claim asserted against the individual Defendants fails pursuant to Rule 12(b)(6).[1] The Fourth Circuit has held that Title VII "[does] not provide for causes of action against defendants in their individual capacities." Jones v. Sternheimer, 387 Fed. App'x 366, 368 (4th Cir. 2010); see Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998). Therefore, Plaintiff may not bring a claim against the individual Defendants in this case pursuant to Title VII. As such, to the extent that the Recommendation recommends that the Court deny Defendants' Motion to Dismiss Plaintiff's Complaint as against the individual Defendants, thereby allowing Plaintiff's Title VII claim to proceed against the individual Defendants, the Court rejects that portion of the Recommendation.

Based on the foregoing, the Court will adopt in part and reject in part the

---

[1] The Court concurs with the finding of the Recommendation that Plaintiff has alleged only a Title VII claim against the individual Defendants and not a § 1983 claim.

5

Recommendation [Doc. #14] and, as a result, grant in part and deny in part Defendants' Motion to Dismiss. Specifically, the Court will grant Defendant's Motion to Dismiss Plaintiff's Complaint as against Defendants Linda McAbee and Cindy Poole and will, therefore, dismiss this action as to Defendants Linda McAbee and Cindy Poole with prejudice. In addition, the Court will deny Defendants' Motion to Dismiss Plaintiff's Complaint as against Defendant North Carolina A&T State University and, therefore, this action shall proceed against Defendant North Carolina A&T State University.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. #10] is hereby GRANTED IN PART and DENIED IN PART as set forth herein. Specifically, IT IS ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint as against Defendants Linda McAbee and Cindy Poole is hereby GRANTED and this action is DISMISSED as to Defendants Linda McAbee and Cindy Poole. IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint as against Defendant North Carolina A&T State University is hereby DENIED and this action shall proceed against Defendant North Carolina A&T State University.

This, the 16th day of July, 2013.

_____
United States District Judge